FRANCES ROSE, petitioner-respondent,

*v.*

MURRY ROSE, defendant-appellant.

[Submitted May 16th. 1944—Decided September 14th, 1944.]

· *Messrs. Robinson & Morris* (*Mr. Irving Morris,* of counsel), for the appellant.

*Messrs. Kasen, Schnitzer & Kasen* (*Mr. Morris M. Schnitzer,* of counsel), for the respondent.

PER CURIAM.

The order under appeal is affirmed with costs, for the reasons stated by Advisory Master Herr in a memorandum hereafter set forth:

"Petitioner procured a final decree for absolute divorce against defendant in this cause in the year 1940. Jurisdiction was secured by publication and substituted service of process upon the defendant in the State of New York.

"In December, 1943, petitioner filed her pending petition praying for the allowance of alimony, for the custody of an infant child of the marriage and for incidental relief. An order to show cause was issued thereon which was served upon the defendant personally in this state. Defendant now moves to set aside the service and to vacate the order to show cause upon several grounds:

"1. That because the decree makes no provision for alimony or custody the court now lacks jurisdiction to make any such order. The law has been otherwise since the Revision of 1902. *McKensey* v. *McKensey, 65 N. J. Eq. 633; Smith* v. *Smith, 88 N. J. Eq. 319; Cushing* v. *Cushing, 126 N. J. Eq. 271.*

"2. That the order to show cause is not sufficient process. But it has been settled to the contrary. *In re Martin, 86 N. J. Eq. 265, 273; Sheldon* v. *Sheldon, 100 N. J. Eq. 24, 26; In re Heyden, 101 N. J. Eq. 361.*

"3. That jurisdiction is lacking because neither party resides in New Jersey. But it has been held that residence in this state is not essential. *George* v. *George, 20 N. J. Mis. R. 41.*

"4. That the court has discretion to deny the relief and ought to do so in view of the non-residence of both parties. So far as the facts are now disclosed, the petitioner is in need of relief and is unable to secure it except in this court. The discretion vested in the court does not extend so far as to warrant a denial of relief in a proper case. *Dietrick* v. *Dietrick, 88 N. J. Eq. 560; Schaeffer* v. *Schaeffer, 119 N. J. Eq. 27; Cf. Maloney* v. *Maloney, 12 N. J. Mis. R. 397; Levy* v. *Levy, 17 N. J. Mis. R. 324.*

"Defendant's application is therefore denied."

460

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.

*For reversal*—DONGES, J. 1.